Grand Med. Supply Corp. v Permanent Gen. Assur. Corp. (2025 NY Slip Op 50491(U))

[*1]

Grand Med. Supply Corp. v Permanent Gen. Assur. Corp.

2025 NY Slip Op 50491(U)

Decided on March 28, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 28, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2024-384 K C

Grand Medical Supply Corp., as Assignee of Nasla Gaspard, Respondent,
against
Permanent General Assurance Corporation, Appellant. 

Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
Kopelevich & Feldsherova, P.C. (Galina Feldsherova of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E. Roper, J.), dated October 23, 2023. The order denied defendant's motion to vacate a judgment of the same court entered December 19, 2022 upon defendant's failure to appear or answer the complaint and, upon such vacatur, to dismiss the complaint as abandoned or, in the alternative, to compel plaintiff to accept defendant's answer.

ORDERED that the order is reversed, with $30 costs, and defendant's motion to vacate the default judgment and, thereupon, to dismiss the complaint as abandoned is granted.
Plaintiff commenced this action to recover assigned first-party no-fault benefits for services rendered to its assignor as a result of a motor vehicle accident which occurred on December 10, 2019. Plaintiff served the summons and complaint on defendant's agent on September 18, 2020. Defendant did not appear or answer, and a default judgment was entered against defendant on December 19, 2022.
In May 2023, defendant moved to vacate the default judgment and, upon such vacatur, to dismiss the complaint as abandoned pursuant to CPLR 3215 (c) or, in the alternative, to compel plaintiff to accept an answer pursuant to CPLR 3012 (d). Defendant argued that the action should be dismissed pursuant to CPLR 3215 (c) as plaintiff failed to enter a default judgment within one year of defendant's default in appearing. Service was made on September 18, 2020, but plaintiff did not obtain a default judgment until December 19, 2022. With respect to its alternative relief, defendant submitted the affidavit of its employee who averred that defendant was not personally served with the summons and complaint, the summons and complaint was never received by defendant, and defendant first received notice of this action when it received a copy of the notice of entry of the default judgment on December 28, 2022. As a meritorious defense, defendant's employee stated that there was a lack of coverage, as plaintiff's assignor was injured in an automobile accident while occupying a vehicle other than the specific vehicle insured under the subject insurance policy. Plaintiff failed to oppose the motion. By order dated October 23, 2023, the Civil Court (Sandra E. Roper, J.) denied defendant's motion, finding that [*2]defendant failed to establish a reasonable excuse for the default, noting that "[t]he summons and complaint was properly served on [d]efendant['s] agent . . . and any issues of delay or failure in forwarding summons and complaint should be resolved between [d]efendant and [its] agent."
Defendant correctly contends that the complaint should have been dismissed as abandoned. "CPLR 3215 (c) provides that '[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed' " (Josephson v State Farms Ins. Co., 60 Misc 3d 139[A], 2018 NY Slip Op 51132[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). "Where . . . a plaintiff fails to initiate proceedings for the entry of judgment within one year after a default, the plaintiff is obligated to offer a reasonable excuse for its delay in moving for leave to enter a default judgment, and must demonstrate that it has a meritorious cause of action" (DJS Med. Supplies, Inc. v Infinity Ins. Co., 41 Misc 3d 145[A], 2013 NY Slip Op 52073[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Here, there was no dispute that the summons and complaint was served on September 18, 2020 and that plaintiff did not obtain a default judgment until December 19, 2022, more than two years later. Moreover, plaintiff, by failing to submit papers in opposition to defendant's motion or cross-move for relief, failed to show good cause for its delay in seeking a default judgment or demonstrate that it has a meritorious cause of action. Consequently, the Civil Court should have granted defendant's motion to, among other things, dismiss the complaint as abandoned (DJS Med. Supplies, Inc. v Infinity Ins. Co., 2013 NY Slip Op 52073[U]).
We reach no other issue.
Accordingly, the order is reversed and defendant's motion to vacate the default judgment and, thereupon, to dismiss the complaint as abandoned is granted.
TOUSSAINT, P.J. and MUNDY J., concur.
OTTLEY, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 28, 2025